IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SIGNATURE MARKETING, INC. d/b/a SIGNATURE MANUFACTURING, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 15-7200-JWL |
| v. | ) ) | Civil Action |
| NEW FRONTIER ARMORY, LLC | ) ) ) | |
| and | ) ) | |
| EXTAR, LLC, | ) ) | |
| Defendants. | ) | |

## JOINT PROTECTIVE ORDER

WHEREAS, the parties have requested documents through discovery and mandatory Rule 26 disclosures that are believed to contain confidential business information and other trade secret information for which the disclosure is necessary to resolve the issues of this litigation; and

WHEREAS, confidential business information and trade secret information should be given the protection of an Order of this Court in order to prevent injury through disclosure to persons or other business entities who may have an interest in this information;

IT IS HEREBY ORDERED THAT:

1. All e-mails between and among the parties, all pricing information and all drawings and/or plan specifications for firearms or firearm parts that have or will be exchanged between the parties are deemed confidential information upon production of documents by any party in response to Request for Production or otherwise as required. This confidential information shall be disclosed only to the Court, the parties and counsel of record and their

clerical personnel. Any confidential information may also be disclosed to other persons whose assistance is required by counsel in conducting this litigation, but may not be used or disclosed by such other persons for any purpose not directly related to participation in the above-styled case, or any appeals or related alternative dispute resolution taken or filed in connection therewith; all copies of confidential information and all notes setting forth or revealing confidential information in the possession of such other persons shall be destroyed or returned to the party which originally produced the same within 90 days of the final adjudication, including, but not limited to, final adjudication of any appeals or petitions for extraordinary writs. Counsel should not otherwise offer or permit any disclosure of any confidential document, its contents, or any portion or summary thereof.

   2. Persons having knowledge of confidential information by virtue of their participation in the conduct of this litigation shall use them for that purpose only and shall not disclose the confidential information or any portion or summary thereof, to any person or persons not involved in the conduct of the litigation.

   3. Counsel for the parties shall exercise all reasonable care not to needlessly disclose such confidential information in the public record of this proceeding.

   4. In the event confidential information is deposited with the Court, the party must first seek leave to file a document under seal or obtain the agreement of opposing counsel.

   5. Within 90 days of the final adjudication, including, but not limited to, final adjudication of any appeals or petitions for extraordinary writs, all copies or confidential documents or summaries thereof produced to the other side, which are in the actual or constructive custody of defendant or plaintiff, shall be returned to the opposing side which produced the same, and each party shall file with the Court a certification affirming that all

confidential information in its actual or constructive custody has been returned to the producing party or destroyed.

6.   In the event that a party or counsel inadvertently discloses or produces document(s) subject to a claim of privilege or of protection under the terms of this Order, said party or counsel may, when such failure is discovered, notify the party that received the information of the claim and the basis for it. After being notified, the notified party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information; must take reasonable steps to retrieve the information if the party disclosed it prior to being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**IT IS SO ORDERED**.


\_\_\_June 15, 2015\_\_\_                                            \_\_James P. O'Hara_____
Date                                                                              U.S. Magistrate Judge

Respectfully submitted,

**SMITHYMAN & ZAKOURA, CHD.**

*s/Constance L. Shidler*
Constance L. Shidler
750 Commerce Plaza II
7400 West 110th Street
Overland Park, KS 66210
*ATTORNEY FOR PLAINTIFF/ COUNTERCLAIM-DEFENDANT*

and

**FOLAND, WICKENS, EISFELDER, ROPER & HOFER, P.C.**

*s/Patrick J. Allegri*
ROBERT H. HOUSKE      #14411
PATRICK J. ALLEGRI    #25189
911 Main Street, 30th Floor
Kansas City, Missouri 64105
(816) 472-7474; Fax: (816) 472-6262
*ATTORNEYS FOR DEFENDANTS/ COUNTERCLAIM-PLAINTIFFS*